IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, DOMINIC SPANO, KENNETH LAMBERT, JAMES BOLAND, GERRY O'MALLEY, JOSEPH BRAMLETT, PAUL SONGER, CHARLES VELARDO, EUGENE GEORGE, MATTHEW AQUILINE, GREGORY HESS, VINCENT DELAZZERO, and MICHAEL SCHMERBECK, as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br> 1776 Eye Street, NW, Fifth Floor <br> Washington, DC  20006 <br> (202) 783-3788, <br><br> INTERNATIONAL MASONRY INSTITUTE <br> 1776 Eye Street, NW, Fifth Floor <br> Washington, DC  20006 <br> (202) 783-3788, <br><br> and <br><br> INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS <br> 1776 Eye Street, NW, Fifth Floor <br> Washington, DC  20006 <br> (202) 783-3788, <br><br> Plaintiffs, <br><br> v. <br><br> STATE LINE CONSTRUCTION CO. INC. <br> 225 Parkhurst Street <br> Newark, NJ  07114 <br> (973) 621-2828, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendants, allege as follows:

CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court. As to the claims brought by the International Union of Bricklayers and Allied Craftworkers ("BAC"), jurisdiction is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The IPF and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF, IHF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. BAC maintains its principle office in the District of Columbia. Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to 29 U.S.C. § 185(c)(1).

### Parties

4. Plaintiffs, John Flynn, Dominic Spano, Kenneth Lambert, James Boland, Gerry O'Malley, Joseph Bramlett, Paul Songer, Charles Velardo, Eugene George, Matthew Aquiline, Gregory Hess, Vincent DeLazzero, and Michael

Schmerbeck, are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5. The IPF is also authorized to effect collections on behalf of the IMI and BAC, pursuant to an Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6. Plaintiff, IMI, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

8. Defendant, State Line Construction Co. Inc., is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New Jersey.

9. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

### Violation Charged

10. Defendant, State Line Construction Co. Inc., acting through its authorized agent or officer, executed collective bargaining agreement with the Union. This collective bargaining agreements is annexed hereto as Exhibit A.

11. Pursuant to the terms and conditions of Exhibit A, Defendant is bound to the terms and conditions of the collective bargaining agreements annexed hereto as Exhibit B.

12. Exhibit A and Exhibit B are hereinafter referred to collectively as the "Agreements".

13. Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF, IMI, and BAC on behalf of covered employees of Defendant.

14. Having submitted some contributions, Defendant has demonstrated an awareness of the obligation to make those payments.

15. However, an examination of the books and records ("audit") of Defendant revealed that Defendant has not reported correctly and has failed to make required contributions for employees covered by the Agreements.

16. As determined by the audit, delinquent contributions payable to the IPF and IMI from Defendant for the time period January 1, 2001 through December 31, 2003 amount to $38,274.66.

17. Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, interest, as determined by the audit, in the amount of $12,609.44 calculated from the Date Due through November 4, 2004, and additional interest in the amount of $12,609.44, as provided for by ERISA, have been assessed on the delinquent contributions payable to the IPF and IMI for work performed by Defendant's employees during the time period January 1, 2001 through December 31, 2003.

18. Defendant also owes the BAC delinquent dues checkoff moneys in the amount of $7,769.51, as determined by the audit, and interest in the amount of

$2,533.10, for work performed by Defendant's employees during the time period January 1, 2001 through December 31, 2003.

19. To date the delinquent contributions, interest and liquidated damages believed due and owing have not been paid.

20. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the pertinent Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For the total amount of $79,766.58, which is constituted as follows:

a. For unpaid contributions in the amount of $38,274.66 due payable to the IPF and IMI for the time period January 1, 2001 through December 31, 2003 (ERISA Section 502(g)(2)(A); Collection Procedures);

b. For interest in the amount of $12,609.44 assessed on such delinquent contributions, calculated at 15 per cent per annum from the Date Due (ERISA Section 502(g)(2)(B); Collection Procedures);

c. For additional interest in the amount of $12,609.44 assessed on delinquent contributions owed to the IPF and IMI, calculated at 15 per cent per annum from the Date Due (ERISA Section 502(g)(2)(C)(i); Collection Procedures);

d. For dues check off moneys owed to the BAC in the amount of $7,769.51 (Collection Procedures);

e. For interest in the amount of $2,533.10 on such delinquent dues check off moneys (Collection Procedures);

   f. For audit costs in the amount of $5,720.43 (ERISA Section 502(g)(2)(D));

   g. For the costs of filing this action in the amount of $250.00 (ERISA Section 502(g)(2)(D)).

  2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

  3. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF, IMI, and BAC all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

  4. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: May _19_, 2005    By: _____
               Ira R. Mitzner, DC Bar No. 184564
               DICKSTEIN SHAPIRO MORIN
                 & OSHINSKY LLP
               2101 L Street, NW
               Washington, DC  20037-1526
               (202) 828-2234

               Attorneys for Plaintiffs